

**THE CITY OF NEW YORK**

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**ALEXANDRA CORSI**
*Senior Counsel*
E-mail: acorsi@law.nyc.gov
Phone: (212) 356-3545
Fax: (212) 356-3509

August 5, 2025

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Jessica Brenner v. City of New York, et. al.*
                 24-CV-6949 (JMF)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York and the attorney for Defendant City of New York in the above-referenced matter. For the reasons set forth below, the City writes to respectfully request a stay of the instant matter. Co-Defendant's counsel, John Burns, consents to this request and Plaintiff's counsel, Leo Glickman, consents to a stay of this matter for only the next six (6) weeks. Mr. Glickman further represented that, to the extent the Court grants a stay for six weeks, at the end of the six week period, Plaintiff would like the opportunity to challenge any further stay application. Defendant City further notes that, the instant stay request does impact the current discovery deadline of September 15, 2025 and the remainder of the deadlines contained in the May 12, 2025 Case Management Plan and Scheduling Order. Accordingly, it is respectfully requested that, should the stay be granted, the parties be provided the opportunity to submit a revised case management plan and scheduling order once the stay is lifted.[1]

      By way of background, Plaintiff Jessica Brenner alleges that, while incarcerated on Rikers Island on June 20, 2023, she was sexually assaulted by Correction Officer Anthony Martin. As Your Honor may recall, after the previously assigned City attorney left the office, the undersigned requested additional time to respond to Plaintiff's discovery demands, which the Court granted.

---

[1] Should the stay be granted, counsel for the City and Plaintiff intend to engage in settlement negotiations in the hope that we may be able to resolve this matter while the matter is stayed.

Accordingly, pursuant to the Court's Order, on July 25, 2025, Defendant City served Plaintiff with its responses to Plaintiff's document demands and produced more than 1000 pages of documents.

As part of those discovery requests, Plaintiff demanded production of investigative documents and files, however, the City objected to production of same on the grounds that there is an ongoing investigation into CO Martin being conducted by the New York City Department of Investigation ("DOI"); in addition, the Department of Correction's Prison Rape Elimination Act ("PREA") investigation into the underlying incident is "on hold" due to the pending DOI investigation. Therefore, pursuant to the law enforcement and deliberative process privileges, the City is unable to produce responsive documents and is not in possession of any documents from DOI. Therefore, this matter should be stayed pending a resolution of the ongoing investigations.

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). Specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding or investigation. *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts in this Circuit have repeatedly stayed civil actions pending active internal investigations by DOC. *See*, *e.g.*, *Shy-Kym Samuel v. Captain Polpotic, et al.*, 18 Civ. 4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (Docket Entry No. 20; Endorsed Letter granting stay pending DOC investigation); *Michael Megginson v. C.O. Molina, et al.*, 18 Civ. 5808 (GHW) (S.D.N.Y. Sept. 19, 2018) (Docket Entry No. 19; Endorsed Letter granting limited stay pending DOC investigation); *Christopher H. Cano v. Officer Oxley*, 18 Civ. 3428, (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (Docket Entry No. 15, pg. 2; granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction").

A stay is warranted pending the resolution of the DOI and PREA investigations because, until those investigations are completed, the parties will not have access to discoverable information that is vital to the progress of this litigation. As noted above, to date, Defendant City has produced a significant volume of paper discovery, however, is unable to produce discovery regarding these investigations until such time that the investigations are complete. Specifically, "the purpose of the law enforcement privilege is to 'prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" *Nat'l Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 93 (S.D.N.Y. 2000) (quoting *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)); *see also Dinler v. City of New York (In re City of New York)*, 607 F.3d 923, 941 (2d Cir. 2010) (the purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.") (internal citations omitted) This privilege applies to pending investigations. *Morrison v. City of New York*, 171 F.R.D. 85, 90 (S.D.N.Y. 1997) (citations omitted). Thus, any documents pertaining to these pending investigations is protected from disclosure by the law enforcement privilege until the proceedings have been completed.

Similarly, the investigative files are protected from discovery by the deliberative process privilege. *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (the

deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative) (internal citations and quotations omitted); *Tigue v. United States DOJ*, 312 F.3d 70, 80 (2d Cir. 2002) ("Predecisional" documents are created "to assist an agency decisionmaker in arriving at his decision.") (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)).  These include "recommendations, draft documents, proposals, suggestions, and other subjective documents [that] reflect the personal opinions of the writer rather than the policy of the agency." *Grand Cent. P'ship*, 166 F.3d at 482. Material is considered "deliberative" where it is "actually related to the process by which policies are formulated." *Anilao v. Spota*, No. 10-CV-00032 (JBF) (AKT), 2015 U.S. Dist. LEXIS 135369, AT *50 (E.D.N.Y. Sept. 30, 2015).  While courts evaluate five factors to determine whether the deliberative process privilege applies, "[i]n balancing these interests, foremost is the interest of the litigants, and ultimately of society, in accurate judicial fact finding." *Id.* at 229 (internal quotations and alternation omitted).  Accordingly, at this juncture, numerous documents are inaccessible to Defendant and cannot be produced.  Defendant City further respectfully submits that, once these investigations are complete, a review of the entirety of the files for production of the non-privileged documents contained therein will be streamlined, as counsel will be have an opportunity review the files in whole.

From a practical perspective, should a stay be denied and this action proceeds concurrently with the investigations, the parties will spend significant resources duplicating the efforts currently being undertaken by the investigating agencies, including retrieving documents and speaking to witnesses. Moreover, to the extent interviews of witnesses and/or depositions of parties and non-parties are required to move forward in this litigation prior to the conclusion of these investigations, such proceedings will likely interfere with the ongoing investigations. Finally, to the extent documents from the investigation files are required to be produced during the pendency of those investigations, it will likely result in a chilling effect. Accordingly, when these investigations conclude, the pertinent information already will have been compiled and summarized, which should allow the parties to streamline paper and deposition discovery in this case.

For the reasons set forth above, Defendant City of New York respectfully requests that the instant civil matter be stayed until the DOI and DOC investigations conclude.  As noted above, co-Defendant Martin's counsel, John Burns, consents to this request and Plaintiff consents to a stay of this matter but only for six-weeks.  To the extent the Court grants a stay of this case, it is respectfully requested that the parties be given an opportunity to provide a proposed amended case management plan and scheduling order for the Court's endorsement once the stay is lifted.  We thank the Court for its consideration of the instant application.

        Respectfully submitted,

        /s/ *Alexandra Corsi*
        Alexandra Corsi
        Senior Counsel

To: **VIA ECF**
Leo Glickman, Esq
*Attorney for Plaintiff*

John Burns, Esq.
*Attorney for co-defendant CO Martin*

Defendant City of New York's request to stay is GRANTED for six weeks on consent. No later than **September 19, 2025**, Defendant City of New York must file a letter updating the Court about the status of the investigations and any renewed application for a stay. If the stay request is renewed, then the Court will grant the other parties an opportunity to oppose. In light of this temporary stay, the pretrial conference scheduled for September 18, 2025 is hereby ADJOURNED to **October 30, 2025 at 9:00 a.m.** The Clerk of Court is directed to terminate ECF No. 58.

SO ORDERED.

August 6, 2025